**December 19, 1990**

CLERK OF COURT
SUPREME COURT, CNMI
FILED

90 DEC 19 A10: 07

BY: _____

## IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | APPEAL NO. 90-062 CRIMINAL CASE NO. 90-116 |
| Plaintiff/Appellant, | ) ) | |
| vs. | ) ) | ORDER |
| MWONTHY N. NETHON, | ) ) | |
| Defendant/Appellee. | ) ) | |

The government charged the defendant, Mwonthy N. Nethon, with the offense of rape by object pursuant to 6 CMC § 1309(a)[1] for allegedly inserting his finger into the victim's vagina.[2] The defendant moved to dismiss Count I on two grounds. First, that § 1309(a) is unconstitutional and second, that a finger is not a "foreign object, substance, instrument, or device" within the meaning of the statute.

---

[1] § 1309. Rape by Object.

(a) Any person who causes the penetration, however slight, of the genital or anal openings of another person, by any foreign object, substance, instrument, or device when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person for the purpose of sexual arousal, gratification, or abuse, may be punished by imprisonment for not more than ten years.

[2] Two other counts (Counts II and II) charged the defendant with a misdemeanor.

459

The trial court ruled that a finger is not included within the meaning of § 1309(a) and granted the motion to dismiss. It did not rule on the constitutionality of the statute. The government appealed.

The defendant has now moved to dismiss the appeal, arguing that the government does not have the right to appeal pursuant to 6 CMC § 8101(a).[3] Defendant contends that the trial court did not invalidate § 1309(a). Only when a written enactment of law has been held invalid can the government appeal.

The Government, in opposition to the motion, contends that it has the right to appeal the adverse ruling since the trial court "[held] in essence that the statute is _invalid as applied_." Appellant's brief, pg. 3. (Emphasis added.)

The issue presented by the motion is whether the court's ruling invalidated § 1309, giving the Government the right to appeal.

In its memorandum decision, the trial court expressly pointed out that, in dismissing the charge of rape by object, it "does not reach the constitutional issue raised by the defendant's motion."

---

[3] § 8101. Right of Commonwealth to Appeal.

(a) In a criminal case, the Commonwealth government shall have the right to appeal only when a written enactment intended to have the force and effect of law has been held invalid.

We note that this statute provides for a much more restrictive right of appeal by the Government than the federal statute which allows an appeal by the federal government from an order dismissing an indictment as to any one or more counts. See, 18 U.S.C. § 3731.

460

It expressly did not rule § 1309(a) unconstitutional or otherwise invalid. What it did was construe the term "foreign object, substance, instrument, or device" in § 1309(a) to determine whether fingers are encompassed. Stated differently, is a "finger" a foreign object, foreign substance, foreign instrument, or a foreign device encompassed by the statute?

The trial court examined the legislative history of § 1309(a) and concluded that a foreign object, substance, instrument, or device does not include the perpetrator's finger. We agree.

The word "foreign" is used in the statute for a specific purpose. The legislative history clarifies that "foreign" object, substance, instrument, or device means that which is foreign to the perpetrator or defendant. Naturally, the same has to be foreign to the victim as well. A finger is part of one's person and not "foreign."

The trial court did not invalidate § 1309(a), as being unconstitutional, vague, or overbroad. Its ruling did not strike the statute as invalid per se. The government could still bring a charge under 6 CMC § 1309(a).

[2,3,4] A criminal statute providing the government with a limited right to appeal is to be strictly construed. <u>Will v. United States</u>, 389 U.S. 90, 885 S.Ct. 269, 274 (1967). Section 1309(a) gives the government the right to appeal only where a written enactment has been held <u>invalid</u>. "[A] basic principle of construction is that language should be given its plain meaning." <u>Tudela v. MPLC</u>, No. 90-011, slip. op. at 5 (N.M.I. June 7, 1990).

461

According to pertinent authority, the term "invalid" means:

> Vain; inadequate to its purpose; not of binding force or legal efficacy; lacking in authority or obligation.

Black's Law Dictionary, 739 (5th Ed. 1979) (emphasis added).

The government argues that it has the right to appeal, not because the trial court held § 1309(a) to be invalid, but because it held it to be invalid as applied. Such argument would have merit only if a finger could reasonably be argued to be encompassed within the plain meaning of "foreign object, substance, instrument or device." That we do not think is possible. Therefore, giving the parties the opportunity to further brief the merits would be duplicative and unproductive. By strictly construing § 1309(a) and § 8101(a), we conclude that the trial court did not hold § 1309(a) as invalid or even invalid as applied. Consequently, the government cannot appeal the dismissal under 6 CMC § 8101(a).

For the above reasons, the appeal is hereby DISMISSED and this case is REMANDED to the trial court for trial on the remaining two misdemeanor counts. The trial court is instructed to review the pending bail order and determine the reasonable bail for the pending misdemeanor charges.

Entered this ___19th___ day of ___December___, 1990.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

462

## DISSENT

I would deny the motion.

A review of the NMI's statutes on sexual offenses indicates that arguments could be made that fingers are, or should be, included in the term "foreign object," in 6 CMC § 1309(a).[1] If such arguments succeed on appeal, then the lower court would have held such a statute invalid by its interpretation. Without a thorough and full briefing of what I suspect will be the main issue on appeal, it is premature to dismiss the government's appeal. If the government is correct that the lower court has misinterpreted the law, then it does have a right to appeal under 6 CMC § 8101(a).

While a penal statute should be strictly construed, it is also to be construed according to the fair import of its terms. This construction should be made with a view to effectuate its object and promote justice.

Certain felonious sexual offenses found in Title 6 of the Commonwealth Code are:

1. Rape -- section 1301;

2. Rape by spouse -- section 1302;

3. Criminal sodomy -- section 1305;

4. Criminal oral copulation -- section 1307; and

5. Rape by object -- section 1309.

Each of the crimes of rape, rape by spouse, and rape by object carries a maximum jail term of ten years. If special circumstances

---

[1] The government's opposition memorandum does not include any argument on why the trial court erred in its interpretation.

exist, 6 CMC § 1303(b), the jail term is a minimum of two years and a maximum of twenty years. The crimes of criminal sodomy and criminal oral copulation each carry a maximum jail term of ten years. (If the sodomy or oral copulation is without force but the person is under the age of 18, then the maximum jail term is five years.)

The government could conceivably argue that the statutory scheme on felonious sexual offenses can lead to a fair interpretation that fingers are included within the term "foreign object." It could be argued that "foreign object" can only mean any object foreign to the genital or anal opening of a person. For purposes of the vagina, an argument could be that, other than the penis, any object, including fingers, toes, or other human part, is foreign. The penis is excluded because section 1301 provides for it.

Furthermore, an argument could be made that any forcible penetration of the genital or anal openings by any object should be a felony. This interpretation, the argument would go, would effectuate society's value of protecting the dignity of a human being and is just.

An argument could be made that it is inconceivable that a modern and civilized society would provide for a maximum jail term of ten years for rape, rape by spouse, criminal sodomy, criminal oral copulation, rape by object, but only provide for a maximum jail term of 1 year if the forcible act is penetration by fingers.

Such an argument could state that the reason society makes

rape and related offenses serious crimes are because of the desecration and indignity to the integrity and feelings of a human being. In furtherance of its argument, it could state that it would be difficult to imagine a civilized society that would make it a felony for a penis or bottle to forcibly penetrate the vagina or rectum, but only make it a misdemeanor if a finger or a toe is used to forcibly penetrate. The argument could conclude that there is no, and cannot be any, logical distinction -- both acts defile and outrage the integrity and pride of a human being.

Jesus C. Borja
Justice